IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR BALLADARES,

    Plaintiff,

vs.                                                                                                                                                                          No. CIV 17-1152 JB/CG

ROSE JARAMILLO and BENJAMIN
LUJAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. §§ 1915(e) and 1915A, on (i) Prisoner's Civil Rights Complaint, filed November 20, 2017 (Doc. 1)("Complaint"); and (ii) Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed November 20, 2017 (Doc. 2)("Balladares Aff."). For the reasons explained below, the Court will recharacterize Plaintiff Oscar Balladares' Complaint as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, substitute Raymond Smith as the sole named respondent, deny Balladares' motion to proceed in forma pauperis, and require Balladares to submit the five dollar filing fee within thirty days of the date of this order's entry.

Balladares, who is proceeding pro se, is incarcerated at the Lea County Correctional Facility, in Hobbs, New Mexico. In his Complaint, Balladares alleges that Defendants Rosie Jaramillo and Benjamin Lujan deprived him of his right to due process of law under the Fourteenth Amendment of the Constitution of the United States of America during a disciplinary proceeding, which resulted in the loss of his good time credits. See Complaint ¶¶ 1-5, at 7. Balladares seeks a declaration that Jaramillo and Lujan violated his rights under the Fourteenth

Amendment, dismissal of the misconduct report, and restoration of his good time credits. See Complaint at 5.

An action challenging "prison disciplinary proceedings, such as the deprivation of good-time credits is not challenging prison *conditions*, it is challenging an action affecting the fact or duration of the petitioner's custody." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)(emphasis in original). "[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). Therefore, "[t]he sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus" under 28 U.S.C. § 2241. Edwards v. Balisok, 520 U.S. 641, 643-44 (1997). See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987)("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.").

Balladares' request for declaratory relief also is not cognizable under 42 U.S.C. § 1983. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States held that a § 1983 complaint must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Heck v. Humphrey doctrine applies to requests for declaratory relief that would imply the invalidity of a prison disciplinary proceeding or the punishment imposed. See Edwards v. Balisok, 520 U.S. at 648 (holding that the Heck v. Humphrey doctrine bars the plaintiff's § 1983 claim seeking a declaration that the procedures used in his disciplinary proceeding violated his Fourteenth

Amendment due process rights). The declaratory relief sought by Balladares necessarily would imply the invalidity of his disciplinary proceeding and the punishment imposed, and, therefore, Balladares' claims are "not cognizable under § 1983." Edwards v. Balisok, 520 U.S. at 648.

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," so as to "avoid an unnecessary dismissal" or "to create a better correspondence between the substance of a pro se motion's claims and its underlying legal basis." Castro v. United States, 540 U.S. 375, 791-92 (2003). Indeed, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In determining the nature of a pro se litigant's claims, the Court is guided by the relief sought. See Farrell v. Ramsey, 28 F. App'x 751, 753-54 (10th Cir. 2001) (unpublished)[1](holding that the district court should have construed the plaintiff's civil rights complaint as a petition for writ of habeas corpus, "because it was clear from his complaint and supplemental complaint that he did not seek money damages but rather only relief from the execution of his sentence"). Because the relief sought in Balladares' civil rights Complaint is available only in a § 2241 proceeding, the Court will recharacterize his Complaint as a § 2241 writ of habeas corpus.

In a § 2241 habeas proceeding, "the default rule is that the proper respondent is the

---

[1]Farrell v. Ramsey, is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Farrell v. Ramsey has persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004). Balladares is incarcerated at the Lea County Correctional Facility and, therefore, Smith, the Lea County Correctional Facility warden, will be substituted as the sole named respondent.

The filing fee for this habeas proceeding is five dollars. See 28 U.S.C. § 1914(a). According to the financial affidavit and information that Balladares submitted, he has sufficient funds available to prepay the five dollar filing fee. See Balladares Aff. at 2. The Court will, therefore, deny Balladares' motion to proceed in forma pauperis.

Balladares must pay the five dollar filing fee within thirty days of the date of this order's entry or show cause for his failure to do so. Failure timely to pay the filing fee, or to show cause, may result in the dismissal of this action without further notice.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed November 20, 2017 (Doc. 1) is recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2241; (ii) the Clerk of the Court is directed to substitute Raymond Smith, warden at Lea County Correctional Facility, as the sole named respondent; (iii) Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed November 20, 2017 (Doc. 2) is denied; and (iii) the Plaintiff must submit the five dollar filing fee, or show cause for his failure to do so, within thirty days of the date of entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Oscar Balladares
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*