# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

OSCAR BALLADARES,

       Petitioner,

v.                                                    No. CV 17-1152-JB-CG

RAYMOND SMITH,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Oscar Balladares' *Prisoner's Civil Rights Complaint* (the "Petition"), (Doc. 1), filed November 20, 2017, which the Court has construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 4); and Respondent's *Answer to Oscar Balladares'* Pro Se *Petition for Writ of Habeas Corpus [Doc. 1]*, (Doc. 9), filed February 6, 2018. United States District Judge James O. Browning referred this case to Chief Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 3). Having considered the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's Petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Background**

This case arises from an altercation between Petitioner and another inmate at the Central New Mexico Correctional Facility in August 2017. Petitioner states that another inmate had verbally harassed him, so he approached the inmate to talk it out. (Doc. 1 at 2). According to Petitioner, the other inmate aggressively turned towards Petitioner with his fists clenched and used his forehead to push Petitioner. *Id.* In response, Petitioner pushed the other inmate away from him and walked backwards. *Id.*

A corrections officer separated the two, and the next day Petitioner was put in segregation. *Id.*

An investigating officer reviewed camera footage of the incident, which allegedly showed that Petitioner instigated the confrontation by approaching the other inmate and shoving him. *Id.* at 10. On questioning, Petitioner stated that the other inmate approached him first. *Id.* Petitioner was subsequently charged with two counts of misconduct: assault or battery without a weapon on an inmate and knowingly making a false statement to a staff member. *Id.* at 10. Disciplinary hearing records state that Petitioner admitted to the assault or battery charge but denied the false statement charge, *id.* at 11, though Petitioner denies admitting anything, *id.* at 17. Petitioner was found guilty of assault or battery, and as a sanction, the administrative law judge recommended forfeiting all of Petitioner's good time credit. *Id.* at 12. The Deputy Warden approved the sanction on August 16, 2017. *Id.* Petitioner states he exhausted the prison grievance process by appealing to the Secretary of Corrections and having his appeal denied. *Id.* at 4.

Petitioner then filed the instant Petition, arguing that the disciplinary proceedings and resulting loss of good time credit violated his due process rights under the Fourteenth Amendment to the United States Constitution. *Id.* at 5. Petitioner contends he was not allowed time or materials to prepare for an adequate defense, that the evidence against him was contradictory, that the hearing officer was biased and had a conflict of interest, and that he was not afforded a mental health assessment to determine if his actions were the result of a mental illness. *Id.* at 7-9. Petitioner requests declaratory and injunctive relief, namely the restoration of 151 days of good time credit.

*Id.* at 5. Petitioner filed suit under 42 U.S.C. § 1983, *see* (Doc. 1), but because his requested relief is unavailable under § 1983, the Court construed Petitioner's claims as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 4).

Respondent denies Petitioner's allegations and that his due process rights were violated. (Doc. 9 at 3). Further, Respondent argues the Petition should be dismissed without prejudice on procedural grounds. Respondent asserts that a petition under § 2241 requires exhaustion of state remedies before proceeding in federal court. *Id.* at 4. This includes both administrative and court remedies. *Id.* Although Petitioner alleged that he exhausted the administrative grievance process, he has not alleged that he exhausted available state court remedies. *Id.* at 4-5. Accordingly, Respondent argues the Petition should be dismissed without prejudice so Petitioner may pursue those remedies. *Id.* Petitioner did not reply to Respondent's arguments, and the time for doing so has passed.

**II.     Analysis**

As discussed, Petitioner alleges the disciplinary process and the revocation of his good time credits violated his right to due process. (Doc. 1 at 7-9). These claims are properly brought under § 2241. *See Preiser v. Rodriguez* 411 U.S. 475, 500 (1973) (holding when a prisoner seeks a speedier release from custody, "his sole federal remedy is a writ of habeas corpus"); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (holding § 2241 is the appropriate avenue to restore good time credits). Although the statute itself does not say so, a § 2241 petitioner "is generally required to exhaust state remedies" before proceeding in federal court. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Montez v. MicKinna*, 208 F.3d 862, 866 (10th Cir. 2000)).

This includes both administrative remedies, like a prison grievance procedure, and state court remedies, for instance a state petition for a writ of habeas corpus. *Id.*

New Mexico has a specific procedure for challenging disciplinary decisions by the New Mexico Corrections Department. NMRA Rule 5-802(C) provides that an inmate may file a petition for writ of habeas corpus challenging any disciplinary decision within one year of the Department's final decision. NMRA Rule 5-802(C)(1)(b). The rule requires the Department to inform the inmate of this right, and the time limitation is waived if the Department does not do so. Rule 5-802(C)(1)(c). The New Mexico Supreme Court has held that a writ of habeas corpus is "the proper avenue to challenge the unconstitutional deprivation of good-time credits, even if it would not result in an immediate release." *Lopez v. LeMaster*, 2003-NMSC-003, ¶ 12, 289 P.3d 1247.

In this case, Petitioner states he exhausted the available administrative remedies by appealing the disciplinary decision to the Secretary of Corrections. (Doc. 1 at 4). Petitioner claims to have requested his appellate documentation and received no response. *Id.* Still, Petitioner has not alleged or provided evidence that he exhausted the state writ of habeas corpus procedure under Rule 5-802. As discussed, § 2241 requires Petitioner to do so. *Hamm*, 300 F.3d at 1216; *Montez*, 208 F.3d at 866. In order to bring his current claims to federal court, Petitioner must first raise these claims in state court, and if the state courts rule against him, he may then present those claims in a § 2241 petition. *See Cooper v. McKinna*, 203 F.3d 834 (10th Cir. 2000) (unpublished). Petitioner must also comply with the procedural requirements of Rule 5-802 or he will risk forfeiting his claims. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (holding petitioner defaulted on claims by failing to follow state procedural rules).

Petitioner has one year from the date of the Department's final decision to file in state court, or longer if the Department did not advise him of his rights. Rule 5-802(c)(1)(B)-(C). The deputy warden affirmed the hearing officer's decision on August 16, 2017, and the Secretary's final decision must have been after that date. Because Petitioner has not exhausted state court remedies and it appears he still has time to do so, the Court recommends dismissing the Petition without prejudice, as Respondent requested, so Petitioner may seek relief in state court. The Court notes that dismissing the Petition without prejudice should not affect subsequent petitions under § 2241 because a petition dismissed without prejudice due to failure to exhaust is not a "first" petition for purposes of second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000); *Pugh v. Gibson*, 229 F.3d 1164 (10th Cir. 2000) (unpublished).

### III. Conclusion

For the foregoing reasons, the Court finds that Petitioner is required to exhaust administrative and state court remedies and that he has not done so. The Court therefore **RECOMMENDS** that *Prisoner's Civil Rights Complaint*, (Doc. 1), be **DENIED**, and that this case be **DISMISSED WITHOUT PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE